UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EVANS VERNA and JASSMAN WILLIAMS,
Individually and on Behalf of A.V., an Infant,
and B.V., an Infant, as Parent and Next Friend,

                                Plaintiffs,

             - against -

Supervising Parole Officer PAUL PACHECO,
in His Individual Capacity, Senior Parole Officer
EDWARD ANGRISANI, in His Individual
Capacity, Parole Officer RITA FLYNN, in Her
Individual Capacity, and Parole Officer DEENA
ROYCE, in Her Individual Capacity,

                               Defendants.
-------------------------------------------------------------------x

15 Civ. 9985 (CS)(LMS)

**STIPULATION OF
SETTLEMENT,
GENERAL RELEASE,
AND ORDER
OF DISMISSAL**

      This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF

DISMISSAL ("Settlement Stipulation") is made by and between Plaintiffs Evans Verna and

Jassman Williams Individually and on behalf of A.V. and B.V., infants, as Parent and Next Friend

("Plaintiffs") and Defendants Rita Flynn, Paul Pacheco, and Deena Royce (collectively,

"Defendants"):

      WHEREAS, Plaintiffs commenced this action by filing a complaint on or about December

22, 2015 (the "Complaint"), in this Court against Defendants, in the above-captioned action ("the

Action"), alleging that Defendants violated Plaintiffs' constitutional rights; and

      WHEREAS, Plaintiffs filed an Amended Complaint on June 28, 2016 ("Amended

Complaint") against Defendants in the action, alleging that Defendants violated Plaintiffs'

constitutional rights; and

WHEREAS, Defendants moved to dismiss the Amended Complaint on or about September 13, 2016, and on July 13, 2017, the Court partially granted the motion, dismissing certain claims against Defendants and all claims against former defendant Angrisani; and

WHEREAS, Defendants answered the Amended Complaint on August 11, 2017, denying any wrongful conduct or liability;

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiffs and Defendants wish to fully resolve the claims alleged in the complaint in the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiffs nor any of the Defendants is an infant or incompetent person other than Plaintiffs A.V. (████████) and B.V. (████████) as addressed below; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit; and

WHEREAS, the Court, upon being advised that the parties had agreed to a settlement of this action in principal, on October 26, 2019 issued an Order discontinuing the action with prejudice and without costs, provided that if the settlement is not consummated within thirty days of the date of that order that Plaintiff may apply to restore the action to the Court's calendar;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations,

and other consideration contained in this Settlement Stipulation, Plaintiffs and Defendants hereby agree as follows:

### 1.   Dismissal of the Action With Prejudice

The Action, and all claims asserted therein are discontinued with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

### 2.   Payment to Plaintiff and Plaintiffs' Attorneys

In full consideration of Plaintiffs' execution of this Settlement Stipulation, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of Defendants, shall pay the gross amount of One Hundred and Fifty Thousand Dollars ($150,000), in full satisfaction of any and all claims,  allegations or actions, direct or indirect, known or unknown, that Plaintiffs had, has, or may have against the Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiffs for any and all counsel who have assisted Plaintiffs or at any time represented Plaintiffs in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Actions as follows:

(a)   The State of New York, on behalf of the Defendants, shall pay to Plaintiff Verna Evans the sum of Thirty Thousand Dollars ($30,000) and Plaintiff Jassman Williams the sum of

Twenty Two Thousand Six Hundred and Sixty Six Dollars and Sixty Eight Cents ($22,666.68). Subject to the approval of a motion for an infant's compromise by the Court that is being simultaneously filed by counsel for Plaintiffs, the State of New York, on behalf of Defendants, shall pay Plaintiff A.V. (███████) the sum of Twenty Two Thousand Six Hundred and Sixty Six Dollars and Sixty Six Cents ($22,666.66) and Plaintiff B.V. (███████) the sum of Twenty Two Thousand Six Hundred and Sixty Six Dollars and Sixty Six Cents ($22,666.66).[1] For each payment to Plaintiffs referenced above, an I.R.S. Form 1099 shall be issued. The payments referenced above shall be in full satisfaction and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, damages to liberty or other interests, and liquidated damages) incurred by Plaintiffs that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Payment shall be made by checks in the amounts above and shall be made payable to Plaintiffs as listed above and shall be mailed to: Richard Pakola, Esq., 521 Route 304, Bardonia, New York 10954, and counsel Richard Pakola, Esq. will forward payment to Plaintiffs.

(b)    The State of New York, on behalf of the Defendants, shall pay to attorneys for Plaintiff the sum of Fifty Two Thousand Dollars ($52,000), in full and complete satisfaction of any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs,

---

[1] Pursuant to the proposed infant compromise submitted to the Court by Plaintiffs, the payments to Plaintiffs A.V. (███████) and B.V. (███████) shall each be held in bank accounts in trust for each infant until time as each infant reaches the age of 18.

disbursements, and expenses incurred by Plaintiff for any and all legal counsel, including but not limited to Richard Pakola, Esq., who have at any time represented Plaintiffs in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action against Defendants. The foregoing payment shall be made payable to: Richard Pakola, Esq. and mailed to Richard Pakola, Esq., 521 Route 304, Bardonia, New York 10954.

### 3.   State Approval of Payments

Payment of the settlement amount specified in Paragraph 2 of this Agreement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiffs and Plaintiffs' attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

### 4.   Accrual of Interest

In the event that payment of the settlement amounts paid to Plaintiffs, as specified in Paragraph 2 of this Settlement Agreement, have not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement and "So Ordered" Infant's Compromise Order, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply

5

to Plaintiff Evans Verna and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

5.  **Liability of Plaintiffs and Plaintiffs' Attorneys for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Agreement shall be the sole and complete responsibility of Plaintiffs and Plaintiffs' attorneys, and that Plaintiff and Plaintiffs' attorneys shall have no claim, right or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties.  Plaintiffs and Plaintiffs' attorneys agree that they will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6.  **Liability of Plaintiffs and Plaintiffs' Attorneys for Liens and Setoffs**

Plaintiffs and Plaintiffs' attorneys agree that neither Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to

6

the settlement amount specified in Paragraph 2 of this Agreement.  Plaintiffs and Plaintiffs' attorneys shall have no claim, right, or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7.   Medicare Certification

Plaintiffs Evans Verna and Jassman Williams acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver executed and notarized Affidavits of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG.[2]  Plaintiff and Plaintiffs' attorneys acknowledge and understand that the submission of these Affidavits, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Agreement, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement.

---

[2] Plaintiffs A.V. and B.V. are under 16 ½ years of age and are not subject to the reporting requirements of the MMSEA.

**8.    Liability of Plaintiffs for Any Medicare Payments and/or Liens**

Plaintiffs agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or Department of Corrections and Community Supervision and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Agreement. Upon receipt of all required documentation under Paragraphs 3, 4, and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

**9.    General Release**

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, attorneys and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, DOCCS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of

money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

10.   **No Other Action or Proceeding Commenced**

Other than the Action, Plaintiffs represents and warrant that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Agreement.

11.   **No Other Attorney**

The undersigned attorney for Plaintiffs represents and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary

Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.   The undersigned attorney for Plaintiffs agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiffs in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

**12.     No Prevailing Party**

Neither Plaintiffs nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**13.     Successors and Assigns**

The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**14.     Authority**

Each signatory to this Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

10

### 15.  **Voluntary Agreement**

The parties hereto execute and deliver this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect.  The parties hereto acknowledge that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

### 16.  **No Admission of Liability**

It is understood and agreed that any action taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Agreement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action, or as an admission of wrongdoing or liability.  Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

### 17.  **No Precedential Value**

This Agreement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Defendants, the State of New York (including, but

not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18.    Entire Agreement

This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19.    Governing Law

The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiffs' release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Agreement.

### 20.    Severability

If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21.    Headings

The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

12

22.   **Execution**

This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one Agreement, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have each executed this Agreement to be effective on the day and date indicated below.

Dated: New York, New York
~~November~~ _6_, 2019
December

**LETITIA JAMES**
Attorney General of the State of New York
*Attorney for Defendants*

By: _____
Jeb Harben
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6185
jeb.harben@ag.ny.gov

Dated: Bardonia, New York
~~November~~ _5_, 2019
December

**RICHARD PAKOLA, ESQ.**
*Attorney for Plaintiffs*

By: _____
Richard Pakola, Esq.
521 Route 304
Bardonia, New York 10954
(845) 634-2221
pakolalaw@gmail.com

So Ordered.

_____
Cathy Seibel, U.S.D.J.

Dated: 12/9/19

13

**EVANS VERNA**
*Plaintiff*

_Evans Verna_
EVANS VERNA

## **ACKNOWLEDGMENT**

On the ___4th___ day of ___December___, 2019, before me came, Plaintiff, Evans Verna, known to me

or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on

the within instrument, and acknowledged to me that he executed the same.

_____
Notary Public

Richard S. Pakola
Notary Public, State of New York
No. 02PA6163640
Qualified in Rockland County
Commission Expires March 26, 20 2 3

14

**JASSMAN WILLIAMS**
*Plaintiff*

Jassman Williams as Plaintiff and
As Parent, Next friend, and Natural
Guardian of Infant Plaintiffs A.V.
▬▬▬▬▬) and B.V. (▬▬▬▬▬▬)

## ACKNOWLEDGMENT

On the 25th day of November 2019, before me came, Plaintiff, Jassman Williams, known

to me or proved to me on the basis of satisfactory evidence to be the person whose name is

subscribed on the within instrument, and acknowledged to me that she executed the same.

_____
Notary Public

NATALIE HINTON
NOTARY
My Comm. Expires
April 16, 2022
No. GG 207697
PUBLIC
STATE OF FLORIDA

**SO ORDERED:**

_____
U.S.D.J.

15

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EVANS VERNA, ET AL.                                    15 Civ. 9985 (CS)(LMS)

                                    Plaintiff,          **AFFIDAVIT OF MEDICARE**
                                                        **ELIGIBILITY STATUS**

            -against-

PAUL PACHECO, et al.

                                    Defendants.
-------------------------------------------------------------X


STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF _____  )


        EVANS VERNA, being duly sworn, deposes and says:

        1.      I am a Plaintiff in the above-captioned action ("the Action"), and currently reside

at _____.

        2.      I make and submit this affidavit with full knowledge that the same will be relied

upon by the Office of the Attorney General ("OAG"), its employees, agents, and representatives

in connection with the settlement of the Action, specifically as it relates to the State of New

York's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer

Act ("MSP"). I understand that a query will be or has been made to verify my current Medicare

eligibility status.

        3.      I hereby acknowledge and understand that as mandated by the Centers for

Medicare and Medicaid Services ("CMS") and promulgated by and through its rules and

regulations including, but not limited to, the MMSEA and MSP, I am required to: (a) reimburse

- 1 -

Medicare for *conditional payments* it has made on my behalf for injuries alleged in the Action from the proceeds of the settlement herein; and/or (b) utilize the settlement proceeds to pay for any future medical expenses, when necessary, for injuries alleged in the Action.

     4.     I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to MMSEA and MSP and as deemed necessary by the OAG.

     5.     I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to the MMSEA and MSP.

## PEDIGREE INFORMATION
*Please provide the noted personal background information.*

     6.     I have been known by the following names (please include any all aliases, former names, and/or maiden names): _____.
I hereby acknowledge that I can be identified by these names and that all these names are indeed referring to me.

     7.     I consent to the OAG verifying my current Medicare eligibility for purposes of its compliance with the MMSEA and MSP, and affirm that:

          a.     my social security number is _____;

          b.     my date of birth is _____; and

          c.     my gender is male.

# CURRENT MEDICARE ELIGIBILITY
*✔ Please initial and affirm your applicable current Medicare eligibility status. ✔*

As of the date of this affidavit *(please select either paragraph [8] or [9])*:

8.   ✔_____   I am not currently receiving nor have I ever received Medicare coverage and/or benefits.

9.   ✔_____   I am a Medicare beneficiary and my Medicare Health Insurance Claim ("HIC") number is _____. I am aware of my obligation to reimburse Medicare for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for any injuries alleged in the Action. I understand that reimbursement directly to Medicare may be made from any proceeds I receive from the settlement of the Action, and affirm that *(please select either sub-paragraph [a], [b], or [c])*:

a.   ✔_____   Medicare has confirmed that no payment is due and owing from the total proceeds of the settlement of the Action. *(Please attach a copy of Medicare's letter.)*

b.   ✔_____   Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Please attach a copy of the Medicare reimbursement letter)*. In accordance with the attached Medicare reimbursement letter, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

c.   ✔_____   I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to the assigned Assistant Attorney General and to the OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG or the New York State Department of Health ("DOH"), or any of their officials, employees or agents, whether in their individual or official capacities, for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

- 3 -

## FUTURE MEDICARE ELIGIBILITY

*✒ Please initial and affirm applicable future Medicare eligibility status ✒*

As of the date of this affidavit *(please select either paragraph [10], [11] or [12])*:

10.   ✒_____   I do not expect to be a Medicare recipient within thirty (30) months

of the date of this affidavit and the date of the settlement of the Action, and  affirm that:

      a.   I have not applied for Social Security Disability Insurance (SSDI);
      b.   I have not been denied SSDI and do not anticipate appealing that decision;
      c.   I am not in the process of appealing or re-filing for SSDI;
      d.   I am not 62.5 years or older; and
      e.   I do not have End Stage Renal Disease (a qualifying condition for Medicare).

11.   ✒_____   I am not currently a Medicare beneficiary.  However, I anticipate

that I will be Medicare eligible within thirty (30) months of the date of this affidavit and the date

of the settlement of the Action, and affirm that *(please select either sub-paragraph [a] or [b])*:

      a.   ✒_____   I do not require any future treatment for injuries alleged in the Action.  The required certification(s) for the injuries alleged in the Action is/are attached.  The attached certification(s) attest(s) that there is no anticipated future treatment required for the injuries alleged in the Action.

      b.   ✒_____   I do require future treatment for the injuries alleged in the Action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement of the Action. I affirm this sum will be used for medicals expenses relating to the injuries alleged in the Action.

12.   ✒_____   I am currently a Medicare beneficiary, and affirm that *(please*

*select either sub-paragraph [a] or [b])*:

      a.   ✒_____   I do not require any future treatment for injuries that are the subject of the Action.  The required certification(s) for the injuries alleged in the Action is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries alleged in the Action.

      b.   ✒_____   I do require future treatment for the injuries alleged in the Action.  In accordance with the attached Medicare Set-Aside Trust

("MSA"), I consent to the payment of $_____, payable to
_____ from the total proceeds of the settlement of the Action.
I affirm this sum will be used for medicals expenses relating to the injuries
alleged in the Action.


_____
EVANS VERNA


Sworn to before me this
\_\_\_\_ day of _____, 2019


_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EVANS VERNA, ET AL.                                    15 Civ. 9985 (CS)(LMS)

                      Plaintiff,         **AFFIDAVIT OF MEDICARE**
                                 **ELIGIBILITY STATUS**

      -against-

PAUL PACHECO, et al.

                      Defendants.
-------------------------------------------------------X


STATE OF NEW YORK        )
                            ) ss.:
COUNTY OF _____  )

      JASSMAN WILLIAMS, being duly sworn, deposes and says:

      1.     I am a Plaintiff in the above-captioned action ("the Action"), and currently reside

at _____.

      2.     I make and submit this affidavit with full knowledge that the same will be relied

upon by the Office of the Attorney General ("OAG"), its employees, agents, and representatives

in connection with the settlement of the Action, specifically as it relates to the State of New

York's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer

Act ("MSP"). I understand that a query will be or has been made to verify my current Medicare

eligibility status.

      3.     I hereby acknowledge and understand that as mandated by the Centers for

Medicare and Medicaid Services ("CMS") and promulgated by and through its rules and

regulations including, but not limited to, the MMSEA and MSP, I am required to: (a) reimburse

Medicare for *conditional payments* it has made on my behalf for injuries alleged in the Action from the proceeds of the settlement herein; and/or (b) utilize the settlement proceeds to pay for any future medical expenses, when necessary, for injuries alleged in the Action.

4.      I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to MMSEA and MSP and as deemed necessary by the OAG.

5.      I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to the MMSEA and MSP.

### PEDIGREE INFORMATION
*Please provide the noted personal background information.*

6.      I have been known by the following names (please include any all aliases, former names, and/or maiden names): _____.
I hereby acknowledge that I can be identified by these names and that all these names are indeed referring to me.

7.      I consent to the OAG verifying my current Medicare eligibility for purposes of its compliance with the MMSEA and MSP, and affirm that:

        a.      my social security number is _____;

        b.      my date of birth is _____; and

        c.      my gender is female.

## CURRENT MEDICARE ELIGIBILITY

🖋 *Please initial and affirm your applicable current Medicare eligibility status.* 🖋

As of the date of this affidavit *(please select either paragraph [8] or [9])*:

8.   🖋 _____   I am not currently receiving nor have I ever received Medicare coverage and/or benefits.

9.   🖋 _____   I am a Medicare beneficiary and my Medicare Health Insurance Claim ("HIC") number is _____. I am aware of my obligation to reimburse Medicare for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for any injuries alleged in the Action. I understand that reimbursement directly to Medicare may be made from any proceeds I receive from the settlement of the Action, and affirm that *(please select either sub-paragraph [a], [b], or [c])*:

    a.   🖋 _____   Medicare has confirmed that no payment is due and owing from the total proceeds of the settlement of the Action. *(Please attach a copy of Medicare's letter.)*

    b.   🖋 _____   Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Please attach a copy of the Medicare reimbursement letter)*. In accordance with the attached Medicare reimbursement letter, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

    c.   🖋 _____   I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to the assigned Assistant Attorney General and to the OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG or the New York State Department of Health ("DOH"), or any of their officials, employees or agents, whether in their individual or official capacities, for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

- 3 -

## FUTURE MEDICARE ELIGIBILITY
*✐ Please initial and affirm applicable future Medicare eligibility status ✐*

As of the date of this affidavit *(please select either paragraph [10], [11] or [12])*:

10.   ✐_____    I do not expect to be a Medicare recipient within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that:

    a.    I have not applied for Social Security Disability Insurance (SSDI);
    b.    I have not been denied SSDI and do not anticipate appealing that decision;
    c.    I am not in the process of appealing or re-filing for SSDI;
    d.    I am not 62.5 years or older; and
    e.    I do not have End Stage Renal Disease (a qualifying condition for Medicare).

11.   ✐_____    I am not currently a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that *(please select either sub-paragraph [a] or [b])*:

    a.    ✐_____    I do not require any future treatment for injuries alleged in the Action. The required certification(s) for the injuries alleged in the Action is/are attached. The attached certification(s) attest(s) that there is no anticipated future treatment required for the injuries alleged in the Action.

    b.    ✐_____    I do require future treatment for the injuries alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement of the Action. I affirm this sum will be used for medicals expenses relating to the injuries alleged in the Action.

12.   ✐_____    I am currently a Medicare beneficiary, and affirm that *(please select either sub-paragraph [a] or [b])*:

    a.    ✐_____    I do not require any future treatment for injuries that are the subject of the Action. The required certification(s) for the injuries alleged in the Action is attached. The attached certification attests that there is no anticipated future treatment required for the injuries alleged in the Action.

    b.    ✐_____    I do require future treatment for the injuries alleged in the Action. In accordance with the attached Medicare Set-Aside Trust

("MSA"), I consent to the payment of $_____, payable to
_____ from the total proceeds of the settlement of the Action.
I affirm this sum will be used for medicals expenses relating to the injuries
alleged in the Action.


_____
JASSMAN WILLIAMS


Sworn to before me this
____ day of _____, 2019


_____
NOTARY PUBLIC